# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HORTENSE WHITE, | 1:13-cv-00214-LJO-BAM (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING FIRST AMENDED PETITION |
| v. | [ECF No. 6] |
| ESOLA C., | |
| Respondent. | |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On March 25, 2013, the undersigned dismissed the instant petition for writ of habeas corpus for failure to exhaust the state court remedies, failure to state a cognizable claim, failure to name a proper respondent, and failure to sign under penalty of prejudice.  The Court granted Petitioner leave to file an amended petition within thirty days from the date of service of that order.  Petitioner filed an amended petition on April 8, 2013.

## DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing  2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).  A petition for habeas corpus should not be dismissed without leave to amend unless it

appears that no tenable claim for relief can be pleaded were such leave granted. <u>Jarvis v. Nelson</u>, 440 F.2d 13, 14 (9th Cir. 1971).

      I.     <u>Failure to State Cognizable Claim</u>

The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added). <u>See</u> Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 484 (1973). Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

> resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2).

In addition, Petitioner must state his claim with sufficient specificity. <u>See</u> <u>Hendricks v. Vasquez</u>, 908 F.2d 490, 491-492 (9th Cir. 1990); <u>Wacht v. Cardwell</u>, 604 F.2d 1245, 1246-1247 (9th Cir. 1979). Rule 2(c) of the Rules Governing Section 2254 Cases states:

> The petition must:
> (1) specify all the grounds for relief available to the petitioner;
> (2) state the facts supporting each ground;
> (3) state the relief requested;
> (4) be printed, typewritten, or legibly handwritten; and
> (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

In the first amended petition, Petitioner indicates that she is an inmate at the California Institution for Women. Petitioner alleges she is serving a five year sentence imposed in 2010 in the Superior Court of the State of California for the county of Madera. The first amended petition

1 presents claims that are unintelligible and nonsensical.  For instance, in ground one Petitioner
2 states:

> of hereby, Hortense S. White, a inmate judgment which of cause, attacking, falsity, imposed a sentence to be served in the future, under federal judgment to permitted except with respect to the facts, rely upon to your grounds for relief.

5 (Amd. Pet. at 3.)  Because Petitioner's claims are all unintelligible, the first amended petition
6 must be dismissed.  Furthermore, given the nature and content of Petitioner's allegations and the
7 fact that she has failed to allege intelligible cognizable claims despite having been given the
8 opportunity to do so, the Court finds that further amendment should not be granted.  Accordingly,
9 it is will recommended that the first amended petition be dismissed without leave to amend.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The first amended petition for writ of habeas corpus be DISMISSED without leave to amend; and
2. The Clerk of Court be directed to terminate this action.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within fourteen (14) days after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   April 10, 2013                              /s/ Barbara A. McAuliffe
                                              UNITED STATES MAGISTRATE JUDGE